IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-CR-56-TAV-HBG |
| | ) | |
| DARRLE WADE HARRIS, | ) | |
| RAYNELL EUGENE McDONALD, | ) | |
| RAPHIEL ANTWON THOMPSON, and | ) | |
| KEITH MADISON, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This case came before the Court on May 11, 2020, for a telephonic motion hearing on Defendant Raphiel Antwon Thompson's Motion to Continue Trial and Extend Deadlines [Doc. 182], which was filed on April 16, 2020, and referred [Doc. 185] to the undersigned on April 20, 2020. *See* 28 U.S.C. § 636(b). Assistant United States Attorney Brent Nelson Jones appeared by telephone on behalf of the Government. The following defense counsel also appeared by telephone: Attorney Christopher Rodgers for Defendant Raynell Eugene McDonald; Attorney Ruth Thompson Ellis for Defendant Raphiel Antwon Thompson; and Attorney Randall E. Reagan for Defendant Keith Madison.[1] All Defendants were excused from this hearing.

Defendant Thompson asks [Doc. 182] the Court to continue the May 26, 2020 trial date and other dates and deadlines in this case, to give counsel time to file and litigate pretrial motions, interview witnesses, and prepare for trial. The motion states that Defendant Thompson is actively engaged in plea negotiations and wants to defer filing pretrial motions until after plea

---

[1] Attorney M. Jeffrey Whitt, who represents Defendant Darrle Harris, could not be contacted for this telephonic hearing.

negotiations have concluded. The motion relates that the Government does not object to the requested continuance.

During the telephonic motion hearing, Ms. Ellis stated that her client, who is released on conditions pending trial, lives in Michigan. She noted that representing an out-of-state client is more challenging in these times. Also, Ms. Ellis pointed out that the current trial date falls within the time during which the Court is not conducting jury trials pursuant to the Standing Orders of the Court. Finally, Ms. Ellis asked that all pretrial deadlines be extended and agreed that her client is waiving his speedy trial rights in relation to the motion.

Mr. Rodgers stated that Defendant McDonald joins in the motion to continue. He said his client also lives in Michigan, which affects counsel's ability to share the discovery with him. He said Defendant McDonald is seeking a trial continuance for the same reasons advanced by Defendant Thompson, and that Defendant McDonald is also waiving his speedy trial rights.

Mr. Reagan said Defendant Madison is similarly situated to Defendants Thompson and McDonald. He related that Defendant Madison also lives in Michigan and is not computer literate, requiring counsel to send material to him by mail. He said that Defendant Madison was also involved in plea negotiations, joined in the motion to continue, and is waiving his speedy trial rights.

AUSA Jones confirmed that the Government does not oppose the motion to continue the trial and pretrial deadlines. The parties agreed on a new trial date of October 13, 2020.

First, the Court observes that the May 26, 2020 trial date in this case must be continued pursuant to the Standing Orders of this Court. On March 16, 2020, Chief United States District Judge Pamela L. Reeves entered Standing Order 20-06, which provides as follows:

> Given that the World Health Organization has declared the Coronavirus Disease 2019 (COVID-19) a pandemic, that the Governor of the State of Tennessee has declared a public health emergency throughout the state in response to the spread of COVID-19 and given that the Centers for Disease Control and Prevention and other public health authorities have advised the taking of precautions to reduce the possibility of exposure to the virus and slow the spread of the disease, it is hereby ORDERED that, effective immediately:
> . . . .
>
> 2. Subject to any exceptions identified [in this Order], all civil and criminal jury trials scheduled to commence from March 16, 2020 through April 24, 2020, before any district or magistrate judge in any division in the Eastern District of Tennessee are **CONTINUED**, except as otherwise ordered by the presiding judge. . . . .
>
> 3. With regard to criminal jury trials, due to the Court's reduced ability to obtain an adequate spectrum of jurors and the effect of the above public health recommendations on the availability of counsel and Court staff to be present in the courtroom, the risks posed to the jurors and the public, the time period of the continuances implemented by this Order will be excluded under the Speedy Trial Act, as the Court specifically finds that the ends of justice served by ordering the continuances outweigh the best interests of the public and any defendant's right to a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)A).

E.D.TN SO-20-06. On April 15, 2020, Chief Judge Reeves issued Standing Order 20-11, extending the April 24 deadline in SO-20-06 to May 4, 2020, because "the COVID-19 pandemic continues and . . . the Governor of Tennessee has extended the state-wide "Stay-At-Home" order through May 1, 2020[.]" On April 24, 2020, Chief Judge Reeves extended the May 4 deadline to May 30, 2020, in Standing Order 20-12, based upon the continuation of the COVID-19 pandemic and "guidance from the CDC as well as federal, state, and local public health authorities[.]" Thus, the trial of this case cannot occur on May 26, 2020.

Moreover, the Court finds the motion to continue trial is unopposed by the Government and is well-taken. The Court finds that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Indictment [Doc. 3] charges eleven Defendants and unnamed others with conspiring to distribute and possess with intent to distribute heroin and fentanyl from April 2018 to January 2019. At this juncture, four Defendants are still proceeding to trial. Defense counsel need additional time to confer with their clients, to prepare and litigate pretrial motions, to interview witnesses, and to prepare the case for trial. The Court determines that limitations on in-person meetings with clients and witnesses, stemming from the COVID-19 pandemic, have slowed trial preparations in this case. The Court finds that the remaining trial preparations cannot take place by the May 26 trial date or in less than five months. Thus, the Court concludes that without a continuance, defense counsel would not have the reasonable time necessary to prepare for trial, even proceeding with due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv). The Court also finds the delay needed by Defendants Thompson, McDonald, and Madison is also reasonable as to Defendant Darrle Harris. *See* 18 U.S.C. § 3161(h)(6) (excluding a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted").

Accordingly, the motion to continue [**Doc. 182**] is **GRANTED**, and the trial of this case is reset to **October 13, 2020**. The Court finds that all the time between the filing of the motion on April 16, 2020, and the new trial date of October 13, 2020, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D), -(6), & -(7)(A)-(B); E.D.TN SO-20-06, E.D.TN SO-20-11, E.D.TN SO-20-12. At the telephonic hearing, the Court also set a new schedule in this case, which is stated in detail below.

Accordingly, it is **ORDERED** as follows:

(1) The motion to continue [**Doc. 182**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **October 13, 2020**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the filing of the motion on **April 16, 2020**, and the new trial date of **October 13, 2020**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The deadline for filing pretrial motions is extended to **July 13, 2020**. Responses to motions are due on or before **July 27, 2020**;

(5) Motions *in limine* must be filed no later than **September 28, 2020**;

(6) The parties are to appear for a final pretrial conference on **September 30, 2020, at 1:30 p.m.** This date is also the deadline for concluding plea negotiations and providing reciprocal discovery; and

(7) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4. shall be filed on or before **October 2, 2020**.

**IT IS SO ORDERED.**

ENTER:

/s/ Bruce Guyton
United States Magistrate Judge